UNITED STATE DISTRICT COURT
DISTRICT OF MASSACHUSETTS

Western Section

| | |
|---|---|
| DANZAS CORPORATION, <br>                 Plaintiff <br><br> vs. <br><br> KROFTA TECHNOLOGIES, <br>                 Defendant | CASE NO. 04-30219-MAP |

**ANSWER AND COUNTERCLAIM OF DEFENDANTS, KROFTA TECHNOLOGIES CORPORATION, PETER R. KIRCHNER, MICHAEL NOYES, and NORTHEAST FABRICATORS AND MECHANICAL SERVICES, LLC**

Now come Defendants, KROFTA TECHNOLOGIES CORPORATION ("KROFTA"), PETER R. KIRCHNER ("KIRCHNER"), MICHAEL NOYES ("NOYES"), and NORTHEAST FABRICATORS AND MECHANICAL SERVICES, LLC ("NORTHEAST"), who hereby answer the separately enumerated paragraphs of the Complaint as follows:

## INTRODUCTION

1.   This Paragraph does not require a response.

## JURISDICTION AND VENUE

2.   Admitted.

3.   This paragraph purports to state a legal conclusion, and thus is not appropriately the subject of an admission or denial.

4.   Admitted.

5.   There is no paragraph 5.

## PARTIES

6. Defendants are without sufficient information to admit or deny the allegations in this paragraph.

7. Admitted.

8. Admitted.

9. Admitted.

10. Admitted.

11. Defendants are without sufficient information to admit or deny the allegations in this paragraph.

## FACTS AND CLAIMS

12. Admitted.

13. Admitted, except that Krofta was engaged to install a wastewater plant, not a filtration plant.

14. Admitted.

15. Admitted, except that "water filtration system" should be replaced with "wastewater plant" herein and continuing.

16. Admitted.

17. Admitted.

18. Defendants admit that there was an exchange of correspondence and/or communications between DHL and Krofta. Further answering, this paragraph purports to state the contents of a written document, and thus are not appropriately the subject of an admission or denial. Further answering, the remaining allegations of this paragraph are denied.

19. Denied.

20. Denied.

21. Admitted.

22. Defendants are without sufficient information to admit or deny the allegations in this paragraph. Further answering, defendants deny that taxes and/or duties were due, and upon

information and belief, this was a government project for which no such duties or taxes should be due.

23. Defendants admit that as product shipped, defendant Krofta sent invoices for the product, pursuant to its agreement with its customer. Further answering, the remaining allegations in this paragraph are denied.

24. Denied.

25. Denied

26. Defendants admit that as units were completed, they were shipped. Further answering, remaining allegations of this paragraph are denied.

27. Denied.

28. Defendants deny that they made representations on which plaintiff relied. Further answering, defendants are without sufficient information to admit or deny the allegations in this paragraph.

29. Defendants admit that DHL billed freight on a regular basis, but billed storage costs in an untimely and grossly inaccurate and unfair single invoice in April 2004, for the first time.

30. Denied.

### FIRST CAUSE OF ACTION
(Breach of Contract – Krofta Technologies Corporation)

31. This paragraph does not require a response.

32. Admitted.

33. Defendants admit that DHL provided pricing information, but deny that the information provided was for services ultimately provided to Krofta, and further state that the information provided was accompanied by material misrepresentations.

34. Denied.

35. Krofta admits that it tendered equipment to DHL with instructions to transport the same to the bonded warehouse located in the Dominican Republic. Further answering, the allegations of this paragraph are denied.

36. Defendants deny that the cost incurred for the movement of equipment remains unpaid, and further deny the timely invoicing of storage charge was presented.

37. Denied.

38. Denied.

39. Denied.

## SECOND CAUSE OF ACTION

40. This paragraph does not require a response.

41. Defendants admit that DHL agreed to transport and deliver the equipment to the Dominican Republic. Defendants are without sufficient knowledge to admit or deny the remaining allegations in this paragraph.

42. Admitted.

43. Admitted.

44. Denied.

45. Defendants admit that they have not paid for invoiced storage. Further answering, the remaining allegations in this paragraph are denied.

46. Denied.

47. Denied.

48. Denied.

## THIRD CAUSE OF ACTION

49. This paragraph does not require a response.

50. Admitted.

51. Admitted.

52. Defendants are without sufficient information to admit or deny the allegations in this paragraph.

53. Defendants deny that they have failed to pay costs incurred in shipping equipment. Defendants admit that they have not paid all invoiced amounts for storage in the Dominican Republic.

54. Denied

55. Defendants admit that the storage of the equipment was necessary, and their customer was not yet ready to take delivery of the equipment. Further answering, the remaining allegations of this paragraph are denied.

56. Denied.

## FOURTH CAUSE OF ACTION

57. This paragraph does not require a response.

58. Denied

59. Denied.

60. Denied.

## FIFTH CAUSE OF ACTION

61. This paragraph does not require a response.

62. Denied.

63. Denied.

64. Denied.

## SIXTH CAUSE OF ACTION

65. This paragraph does not require a response.

66. Admitted.

67. Defendants admit that DHL invoiced Krofta for the movement of the equipment. Further answering, the allegations of this paragraph are denied.

68. Denied.

69. Denied.

## SEVENTH CAUSE OF ACTION

70. This paragraph does not require a response.

71. Defendants do not agree with the term instructed, but further admit the allegations in this paragraph.

72. Denied.

73. Defendants are without sufficient information to admit or deny the allegations in this paragraph.

74. This paragraph purports to state and legal conclusion, and thus is not appropriately the subject of an admission or denial.

75. Defendants are without sufficient information to admit or deny the allegations in this paragraph.

76. Defendants admit that they have not indemnified DHL, for warehouse costs. Further answering, the allegations in this paragraph are denied.

77. Defendants are without sufficient information to admit or deny the allegations in this paragraph.

78. Denied.

## EIGHTH CAUSE OF ACTION

79. This paragraph does not require a response.

80. Defendants are without sufficient information to admit or deny the allegations in this paragraph.

81. Defendants are without sufficient information to admit or deny the allegations in this paragraph.

82. Denied.

83. Denied.

## NINTH CAUSE OF ACTION

84. This paragraph does not require a response.

85. Defendants admit that there was an agreement between the parties regarding movement and storage of equipment. Further answering, the allegations in this paragraph are denied.

86. Denied.

87. Denied.

88. Denied.

89. Denied.

## TENTH CAUSE OF ACTION

90. This paragraph does not require a response.

91. This paragraph purports to state and legal conclusion, and thus is not appropriately the subject of an admission or denial.

92. This paragraph purports to state and legal conclusion, and thus is not appropriately the subject of an admission or denial.

93. Denied.

## ELEVENTH CAUSE OF ACTION

94. This paragraph does not require a response.

95. Denied.

96. Denied.

97. Denied.

98. This paragraph purports to characterize the contents of a written document and this is not appropriate for an admission or denial.

99. Denied.

100. Denied.

101. Denied.

102. Denied.

103. Defendants are without sufficient information to admit or deny the allegations in this paragraph.

104. Denied.

105. Denied.

106.  Denied.

## JURY DEMAND

The defendants demand a trial by jury on all accounts so triable.

## AFFIRMATIVE DEFENSES

1. The Complaint, in whole or in part, failed to state a claim upon which relief can be granted.

2. The Complaint, in whole or in part, seeks to impose liability on individuals for an obligation that is corporate.

3. The Complaint, in whole or in part, seeks to disregard the corporate status of the defendant Krofta, by imposing liability on other defendants.

4. The Complaint in whole or in part, is barred by the Statute of Frauds.

5. The Complaint, in whole or in part, is barred by the Statute of Limitations.

6. The Complaint, in whole or in part, is barred by the Doctrine of Laches.

7. The claims in the Complaint, in whole or in part, has been waived by the conduct of the Plaintiff.

8. Any damage suffered by the plaintiff was caused by the plaintiff's own negligence, such negligence having been greater than the negligence of the defendants.

## COUNTERCLAIM

Now come the Defendant/Plaintiff and counterclaim, Krofta, who hereby alleges as follows:

1. Beginning in or about July 2003, Krofta placed for shipment with DHL equipment that it produced for a wastewater plant to be delivered to the Dominican Republic (D.R.).

2. At all times prior to shipment, and prior to the commencement of storage, DHL's only communication with Krofta was with an administrative assistant, Neesha Cole.

3. Prior to the shipment referenced in Paragraph 1 above, DHL provided Krofta with a Credit Application. On or about May 13, 2003, Krofta completed that application, requesting credit from DHL in the amount of $10,000.

4.  Subsequently, Krofta shipped additional equipment from its facility in Dalton, Massachusetts to the D.R. with DHL, on or about six additional occasions, between July 14, 2003 to January 20, 2004.

5.  The equipment was extremely large and heavy, and was shipped in special "open top" containers, because a forklift was not capable of loading the equipment. The only way that the equipment could be loaded into a container, for transport on a ship, was by loading the equipment by overhead crane, into the open top container, which would be attached to a tractor/truck that was physically inside the plant equipped with the overhead crane.

6.  At the time DHL took possession of the equipment, Krofta understood that upon delivery to the D.R., the equipment would be stored in an indoor warehouse in the D.R. that would be dry and secure, until such time as Krofta's customer was ready to take delivery of the equipment. DHL, through its agents, indicated that the equipment would be stored at "standard" rates.

7.  Following each shipment from the Krofta facility, DHL invoiced the shipping charges to Krofta. Krofta paid each such shipping invoice in a timely and complete manner.

8.  The first Krofta equipment arrived in the D.R. in or about August, 2003. It was not until April 2004, however, that DHL first invoiced any storage charges, more than eight months after the storage of equipment had commenced.

9.  At or around the time that the final Krofta shipment was made, but before any invoices for storage were sent by DHL, Krofta prepared a second application for credit with DHL, in the amount of $50,000.

10. The amounts invoiced by DHL was grossly in excess of what could reasonably be described as "standard" rates for such storage, and included certain charges, for duties and insurance, that DHL should not have incurred (or in fact did not incur).

11. The amounts invoiced by DHL was grossly in excess of any credit that DHL extended, or Krofta sought, demonstrating that the DHL charges were well beyond the contemplation of the parties.

12. Krofta and the other defendants allege that DHL has invoiced them for storage charges that were never agreed to by the parties, and are grossly unfair, unreasonable, and deceptive.

13. Furthermore, the charges being invoiced by DHL were for indoor storage. The Krofta equipment, or at least an overwhelming majority of the Krofta equipment, was at all times stored outdoors in the D.R.

14. The warehouse in the D.R. where DHL took the equipment from the port of entry was not capable of removing the equipment from an open top container while indoors.

15. In or about June 2004, representatives of Krofta traveled to the D.R. for business, and were met with representatives of DHL. DHL representatives refused to take the Krofta representatives to the warehouse to inspect the equipment and its storage conditions.

16. Later, in or about June or July 2004, the equipment was moved from the premises of the warehouse that DHL engaged. When Krofta representatives arrived at the warehouse, the equipment was outdoors, and at the time of that removal, it was apparent to Krofta personnel that the equipment had been outdoors for months, as evidenced by damage to the equipment, including rust, and the growth of vegetation around the equipment.

17. DHL has invoiced Krofta for indoor storage services that it never provided or arranged, and has also invoiced amounts for outdoor storage that not only were never agreed to by the parties, but were grossly unfair, and deviated from any "standard" rate for warehouse storage in the D.R. for the applicable time period.

## COUNT I
### Breach of Contract

18. Krofta repeats and realleges the allegations set forth in paragraphs 1 – 17 of the counterclaim above.

19. Krofta understood that DHL would provide dry and secure indoor storage at "standard" rates for its equipment in the D.R., and DHL neither provided that indoor storage, nor did it charge rates reasonably foreseeable to the parties, based on their communications to that point.

20. DHL is not entitled to be paid damages under a contract for which it did not perform.

21. As a result of DHL's breach, it is liable to Krofta for damages reasonably contemplated from DHL's breach, including compensation for damage to Krofta's equipment, and any other costs, damages, or fees that the court deems proper.

## COUNT II
### Misrepresentation/Deceit

22. Krofta repeats and realleges the allegations set forth in paragraphs 1 – 21 of the counterclaim above.

23. DHL, and its agents, represented to Krofta, and its agents, that Krofta's equipment would be stored indoors and that the cost of such storage would be pursuant to "standard" rates.

24. At the time that DHL and its agents made the representations described in Paragraph 19 above, it knew them to be false.

25. DHL and its agents made the false representations referenced above for the purpose of unjustly enriching itself, and price-gouging Krofta for services that DHL did not provide, under terms to which it did not agree.

26. As a result of this misrepresentation, DHL is liable to Krofta for those costs, damages, or fees that the court deems proper.

## COUNT III
### Negligent Destruction of Property

27. Krofta repeats and realleges the allegations set forth in paragraphs 1 – 26 of the counterclaim above.

28. DHL at all times had a duty of care regarding the safekeeping of Krofta's equipment.

29. DHL breached that duty by storing the equipment in a careless and reckless manner, and that breach of duty was the proximate cause of property damage.

30. As a result of this negligence, DHL is liable to Krofta for those costs, damages, or fees that the court deems proper.

## COUNT IV
### M.G.L. c. 93A

31. Krofta repeats and realleges the allegations set forth in paragraphs 1 – 30 of the counterclaim above.

32. Krofta and DHL were involved in an arms length business transaction between commercial entities.

33. The majority of dealings between the parties took place within the Commonwealth of Massachusetts.

34. DHL engaged in unfair and deceptive commercial practices by:

    a. Intentionally holding storage invoices, and not delivering them in a timely manner, for the purpose of accumulating an unreasonably high balance;

    b. Charging exorbitant storage rates, far outside the reasonable contemplation of the parties, and grossly disproportionate to any "standard" rate for similar services within the D.R. during the relevant time period;

    c. Charging Krofta for indoor storage, and commencing this litigation seeking collection for such indoor storage, notwithstanding the fact that DHL is aware that the equipment, or nearly all of it, was stored outdoors and not indoors.

11

35.    DHL is liable to Krofta for damages resulting from the unfair and deceptive acts outlined above, and is further liable for attorney's fees, treble damages, costs, interest, and any other relief that the court deems appropriate.

**DEFENDANT/PLAINTIFF IN COUNTERCLAIM DEMANDS A TRIAL BY JURY ON ALL ISSUES SO TRIABLE**

> Respectfully submitted.
>
> KROFTA TECHNOLOGIES CORPORATION,
> PETER R. KIRCHNER, MICHAEL NOYES, and
> NORTHEAST FABRICATORS & MECHANICAL
> SERVICES, LLC

Dated: December 14, 2004

By: _____
Their attorney
Benjamin Smith, Esq.
BBO #563614
Simons, Smith & Gerrard
75 North Street, Suite 320
Pittsfield, Massachusetts 01201
(413) 442-2731

## CERTIFICATE OF SERVICE

I, BENJAMIN SMITH, ESQ. hereby certify that I have served a copy of the foregoing document by mail on the 14th day of December, 2004 upon:

JOHN K. FULWEILER, ESQ.
DEORCHIS & PARTNERS, LLP
61 Broadway, 26th Floor
New York, New York  10006

DAVID J. FARRELL, JR., ESQ.
BBO # 559847
2355 Main Street
P.O. Box 186
S. Chatham, MA  02659

_____
BENJAMIN SMITH