UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS, WESTERN DIVISION

C.A. No. 04-30219-MAP

DANZAS CORPORATION D/B/A DHL
DANZAS AIR & OCEAN,
    Plaintiff

v.

KROFTA TECHNOLOGIES
CORPORATION; PETER R. KIRCHNER;
MICHAEL NOYES; NORTHEAST
FABRICATORS & MECHANICAL
SERVICES, LLC; AND DANIEL
SHEPARD,
    Defendants

## ANSWER AND AFFIRMATIVE DEFENSES

Defendant Daniel Shepard, by his undersigned attorneys, for his Answer and Affirmative Defenses to the Complaint of Plaintiff Danzas Corporation d/b/a DHL Danzas Air & Ocean, states as follows:

### INTRODUCTION

1. Shepard is without information or knowledge sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 1, and accordingly, denies them.

### JURISDICTION AND VENUE

2. Shepard admits that he resides in Richmond, Massachusetts, and that the Plaintiff has alleged diversity jurisdiction; Shepard is without information or knowledge sufficient to form a belief as to the truth or falsity of the remaining allegations contained in Paragraph 2, and accordingly, denies them.

3. The allegations of Paragraph 3 contain legal conclusions not requiring an answer; to the extent an answer is deemed required, Shepard is without information or knowledge sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 3, and accordingly, denies them.

4. The allegations of Paragraph 4 contain legal conclusions not requiring an answer; to the extent an answer is deemed required, Shepard is without information or knowledge sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 4, and accordingly, denies them.

## PARTIES

6. Shepard is without information or knowledge sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 6, and accordingly, denies them.

7. Shepard admits the allegations of Paragraph 7.

8. Shepard admits that, at least until January, 2004, Northeast Fabricators & Mechanical Services, LLC was a business with its principal place of business in Massachusetts. Shepard is without information or knowledge sufficient to form a belief as to the truth or falsity of the remaining allegations contained in Paragraph 8, and accordingly, denies them.

9. Shepard admits that Peter R. Kirchner served as the treasurer of Krofta until January, 2004; Shepard is without information or knowledge sufficient to form a belief as to the truth or falsity of the remaining allegations contained in Paragraph 9, and accordingly, denies them.

10. Shepard admits that Michael Noyes served as the vice-president of Krofta until January, 2004; Shepard is without information or knowledge sufficient to form a belief as

to the truth or falsity of the remaining allegations contained in Paragraph 10, and accordingly, denies them.

11. Shepard admits that he served as president of Krofta and that he resides in Richmond, Massachusetts; Shepard denies the remaining allegations of Paragraph 11.

## FACTS AND CLAIMS

12. Shepard admits the allegations of Paragraph 12.

13. Shepard admits that Krofta contracted with the government of the Dominican Republic to prepare and manufacture water filtration equipment; Shepard denies the remaining allegations of Paragraph 13.

14. Shepard admits the allegations of Paragraph 14.

15. Shepard admits that Krofta contracted to provide the water filtration system; Shepard denies the remaining allegations of Paragraph 15.

16. Shepard admits that Krofta anticipated a possible need for storage of the water filtration equipment; Shepard is without information or knowledge sufficient to form a belief as to the truth or falsity of the remaining allegations contained in Paragraph 16, and accordingly, denies them.

17. Shepard admits that Krofta inquired of DHL generally as to available storage in the Dominican Republic; Shepard is without information or knowledge sufficient to form a belief as to the truth or falsity of the remaining allegations contained in Paragraph 17, and accordingly, denies them.

18. Shepard admits that DHL provided Krofta information with respect to storage in the Dominican Republic; Shepard is without information or knowledge sufficient to form

a belief as to the truth or falsity of the remaining allegations contained in Paragraph 18, and accordingly, denies them.

19. Shepard admits that Krofta anticipated that DHL's services would be paid for in the ordinary course of business; Shepard denies that he personally made any such affirmation at any time, on his own or on Krofta's behalf; Shepard is without information or knowledge sufficient to form a belief as to the truth or falsity of the remaining allegations contained in Paragraph 19, and accordingly, denies them.

20. Shepard admits that Krofta anticipated that DHL's services would be paid for in the ordinary course of business; Shepard denies that he personally made any such affirmation at any time, on his own or on Krofta's behalf; Shepard is without information or knowledge sufficient to form a belief as to the truth or falsity of the remaining allegations contained in Paragraph 20, and accordingly, denies them.

21. Shepard admits that shipments of water filtration equipment via DHL to the Dominican Republic began in or around July, 2003; Shepard is without information or knowledge sufficient to form a belief as to the truth or falsity of the remaining allegations contained in Paragraph 21, and accordingly, denies them.

22. Shepard is without information or knowledge sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 22, and accordingly, denies them.

23. Shepard admits that, when water filtration equipment was being shipped to the Dominican Republic by Krofta, Krofta accessed to some extent the proceeds of a letter of credit, which issued in connection with Krofta's contract with the government of the Dominican Republic; Shepard denies that such access was unknown to DHL; Shepard is

without information or knowledge sufficient to form a belief as to the truth or falsity of the remaining allegations contained in Paragraph 23, and accordingly, denies them. Further answering, Shepard states that DHL knew of the efforts to draw on the letter of credit.

24. Shepard is without information or knowledge sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 24, and accordingly, denies them.

25. Shepard is without information or knowledge sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 25, and accordingly, denies them.

26. Shepard denies the allegations of Paragraph 26.

27. Shepard denies the allegations of Paragraph 27.

28. Shepard is without information or knowledge sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 28, and accordingly, denies them.

29. Shepard is without information or knowledge sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 29, and accordingly, denies them.

30. Shepard is without information or knowledge sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 30, and accordingly, denies them.

## COUNT I

31. Shepard restates his Answers to Paragraphs 1 through 30 above and incorporates them herein as if set forth in full.

32. Shepard admits Krofta inquired of DHL as to information about storage for the water filtration equipment in the Dominican Republic; Shepard denies that he made any written or oral representations as alleged; Shepard is without information or knowledge sufficient to form a belief as to the truth or falsity of the remaining allegations contained in Paragraph 32, and accordingly, denies them.

33. Shepard admits that DHL provided Krofta with information on the subject of the storage in the Dominican Republic for the water filtration equipment; Shepard is without information or knowledge sufficient to form a belief as to the truth or falsity of the remaining allegations contained in Paragraph 33, and accordingly, denies them.

34. Shepard denies the allegations of Paragraph 34 to the extent he is alleged, as an officer of Krofta, to have made written communications or oral representations to DHL; Shepard admits that Krofta at some point engaged DHL to provide storage for the water filtration equipment; Shepard is without information or knowledge sufficient to form a belief as to the truth or falsity of the remaining allegations contained in Paragraph 34, and accordingly, denies them.

35. Shepard is without information or knowledge sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 35, and accordingly, denies them.

36. Shepard is without information or knowledge sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 36, and accordingly, denies them.

37. Shepard denies the allegations of Paragraph 37.

38. Shepard denies the allegations of Paragraph 38.

39. Shepard denies the allegations of Paragraph 39.

## COUNT II

40. Shepard restates his Answers to Paragraphs 1 through 39 above and incorporates them herein as if set forth in full.

41. Shepard admits that DHL agreed to transport and deliver equipment to the Dominican Republic; Shepard is without information or knowledge sufficient to form a belief as to the truth or falsity of the remaining allegations contained in Paragraph 41, and accordingly, denies them.

42. Shepard admits the allegations of Paragraph 42.

43. Shepard is without information or knowledge sufficient to form a belief as to the truth or falsity of the remaining allegations contained in Paragraph 43, and accordingly, denies them.

44. Shepard denies the allegations of Paragraph 44.

45. Shepard is without information or knowledge sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 45, and accordingly, denies them.

46. Shepard denies the allegations of Paragraph 46.

47. Shepard denies the allegations of Paragraph 47.

48. Shepard denies the allegations of Paragraph 48.

## COUNT III

49. Shepard restates his Answers to Paragraphs 1 through 48 above and incorporates them herein as if set forth in full.

50. Shepard denies that, in his individual capacity, he had any desire to store water filtration equipment in a bonded warehouse in the Dominican Republic; Shepard admits that Krofta had a need for storage for the water filtration equipment in the Dominican Republic; Shepard is without information or knowledge sufficient to form a belief as to the truth or falsity of the remaining allegations contained in Paragraph 50, and accordingly, denies them.

51. Shepard admits that DHL provided information and assistance in locating storage facilities for the water filtration equipment in the Dominican Republic; Shepard is without information or knowledge sufficient to form a belief as to the truth or falsity of the remaining allegations contained in Paragraph 51, and accordingly, denies them.

52. Shepard is without information or knowledge sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 52, and accordingly, denies them.

53. Shepard is without information or knowledge sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 53, and accordingly, denies them.

54. Shepard denies the allegations of Paragraph 54.

55. Shepard denies the allegations of Paragraph 55.

56. Shepard denies the allegations of Paragraph 56.

## COUNT IV

57. Shepard restates his Answers to Paragraphs 1 through 56 above and incorporates them herein as if set forth in full.

58. Shepard denies the allegations of Paragraph 58.

59. Shepard denies the allegations of Paragraph 59.

60. Shepard denies the allegations of Paragraph 60.

## COUNT V

61. Shepard restates his Answers to Paragraphs 1 through 60 above and incorporates them herein as if set forth in full.

62. Shepard denies the allegations of Paragraph 62.

63. Shepard denies the allegations of Paragraph 63.

64. Shepard denies the allegations of Paragraph 64.

## COUNT VI

65. Shepard restates his Answers to Paragraphs 1 through 65 above and incorporates them herein as if set forth in full.

66. Shepard admits that Krofta engaged DHL to move water filtration equipment from the United States into storage in the Dominican Republic; Shepard is without information or knowledge sufficient to form a belief as to the truth or falsity of the remaining allegations contained in Paragraph 66 and accordingly, denies them.

67. Shepard is without information or knowledge sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 67, and accordingly, denies them.

68. Shepard denies the allegations of Paragraph 68.

69. Shepard denies the allegations of Paragraph 69.

## COUNT VII

70. Shepard restates his Answers to Paragraphs 1 through 69 above and incorporates them herein as if set forth in full.

71. Shepard denies that he, in his individual capacity, instructed DHL to move the water filtration equipment from the United States into a bonded warehouse in the Dominican Republic, or gave any similar instruction; Shepard admits that Krofta engaged DHL to move the water filtration equipment from the United States to storage in the Dominican Republic; Shepard is without information or knowledge sufficient to form a belief as to the truth or falsity of the remaining allegations contained in Paragraph 71, and accordingly, denies them.

72. Shepard denies the allegations of Paragraph 72.

73. Shepard denies the allegations of Paragraph 73.

74. Shepard denies that he is legally obligated, in his individual capacity, to pay for movement and storage costs; Shepard is without information or knowledge sufficient to form a belief as to the truth or falsity of the remaining allegations contained in Paragraph 74, and accordingly, denies them.

75. Shepard is without information or knowledge sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 75, and accordingly, denies them.

76. Shepard admits that he has not offered to indemnify DHL in connection with storage costs; Shepard denies the remaining allegations of Paragraph 76.

77. Shepard is without information or knowledge sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 77, and accordingly, denies them.

78. Shepard denies the allegations of Paragraph 78.

## COUNT VIII

79. Shepard restates his Answers to Paragraphs 1 through 78 above and incorporates them herein as if set forth in full.

80. Shepard is without information or knowledge sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 80, and accordingly, denies them.

81. Shepard denies that any services undertaken by DHL benefited him personally; Shepard is without information or knowledge as to whether services provided by DHL benefited any other defendants; Shepard denies the remaining allegations of Paragraph 81.

82. Shepard denies the allegations of Paragraph 82.

83. Shepard denies the allegations of Paragraph 83.

## COUNT IX

84. Shepard restates his Answers to Paragraphs 1 through 84 above and incorporates them herein as if set forth in full.

85. Shepard admits that Krofta agreed with DHL as to the movement and storage of water filtration equipment; Shepard denies the remaining allegations of Paragraph 85.

86. Shepard denies the allegations of Paragraph 86.

87. Shepard denies the allegations of Paragraph 87.

88. Shepard denies the allegations of Paragraph 88.

89. Shepard denies the allegations of Paragraph 89.

## COUNT X

90. Shepard restates his Answers to Paragraphs 1 through 90 above and incorporates them herein as if set forth in full.

91. Allegations of Paragraph 91 are a legal conclusion not requiring an answer; to the extent an answer is deemed required, Shepard denies that declaratory relief is appropriate in this case.

92. Allegations of Paragraph 92 are a legal conclusion not requiring an answer; to the extent an answer is deemed required, Shepard denies that declaratory relief is appropriate in this case.

93. Shepard denies the allegations of Paragraph 93.

## COUNT XI

94. Shepard restates his Answers to Paragraphs 1 through 94 above and incorporates them herein as if set forth in full.

95. Shepard denies the allegations of Paragraph 95.

96. Shepard denies the allegations of Paragraph 96.

97. Shepard denies the allegations of Paragraph 97.

98. Shepard admits that Krofta arranged the engagement of DHL for the storage of water filtration equipment in the Dominican Republic; Shepard is without information or knowledge sufficient to form a belief as to the truth or falsity of the remaining allegations contained in Paragraph 98, and accordingly, denies them.

99. Shepard denies the allegations of Paragraph 99.

100. Shepard denies the allegations of Paragraph 100.

101. Shepard denies the allegations of Paragraph 101.

102. Shepard denies the allegations of Paragraph 102.

103. Shepard is without information or knowledge sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 103, and accordingly, denies them.

104. Shepard denies the allegations of Paragraph 104.

105. Shepard denies the allegations of Paragraph 105.

106. Shepard denies the allegations of Paragraph 106.

WHEREFORE, Defendant Daniel Shepard requests that the claims in Plaintiff's complaint against him be dismissed with prejudice and that judgment enter in his favor and against the Plaintiff, and for such other and further relief as this Court deems just and proper.

## JURY DEMAND

Defendant Shepard demands a trial by jury.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

The Complaint fails to state a claim upon which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE

The Complaint is barred by the statute of frauds.

### THIRD AFFIRMATIVE DEFENSE

The Complaint is barred by the statute of limitations.

FOURTH AFFIRMATIVE DEFENSE

The Complaint is barred by the doctrine of laches.

FIFTH AFFIRMATIVE DEFENSE

Plaintiff's claims, in whole or in part, are barred by the Plaintiff's waiver.

SIXTH AFFIRMATIVE DEFENSE

Plaintiff's own negligence defeats its claim, or reduces recovery.

SEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by a release.

EIGHTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by payment.

NINTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the doctrine of accord and satisfaction.

DEFENDANT DANIEL SHEPARD

By: _____
Paul S. Weinberg, Esq., BBO No. 519550
John E. Garber, Esq., BBO No. 635313
Weinberg & Garber, P.C.
71 King Street
Northampton, MA 01060
(413) 582-6886
fax (413) 582-6881

### CERTIFICATE OF SERVICE

I, John E. Garber, Esq., hereby certify that on this 4th day of February, 2005, I served a copy of the foregoing by hand delivery to Attorneys Smith and Fulweiler, and by first class mail to attorney Farrell.

Subscribed under penalties of perjury.

_____
John E. Garber, Esq.