UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS



DANZAS CORPORATION d/b/a DHL DANZAS
AIR & OCEAN,

                Plaintiff,

- against -

KROFTA TECHNOLOGIES CORPORATION,
PETER R. KIRCHNER, MICHAEL NOYES,
NORTHEAST FABRICATORS & MECHANICAL
SERVICES, LLC, and DANIEL SHEPARD,

                Defendants.

Civil Action No.: 04-30219-MAP

## DEFENDANT SHEPARD'S LOCAL RULE 56.1 STATEMENT OF UNDISPUTED FACTS

Defendant Daniel Shepard, pursuant to District of Massachusetts Local Rule 56.1, for his Statement of Undisputed Facts in support of Summary Judgment, states as follows:

1. Daniel Shepard is over the age of majority.

2. Daniel Shepard was the President of Krofta Technologies Corporation ("Krofta") from June, 2002 until he resigned effective January 23, 2004. His last day with Krofta was January 16, 2004. He was President in name only; Krofta was controlled by NorthEast Mechanical Fabricators in which he was a minority partner. (Affidavit of Daniel Shepard, Ex. 1 hereto, ¶ 1).

3. Daniel Shepard's professional background and experience is in sales and marketing. While President of Krofta, his primary objective was to sell the company. (Shepard Aff., ¶ 2).

4. In May, 2003, Daniel Shepard signed a DHL credit application, which had a limit of $10,000, and which included a personal guaranty ("Application"). A true and correct copy is attached to the Shepard Affidavit as Exhibit A. (Shepard Aff., ¶ 3).

5. When Daniel Shepard resigned from Krofta, his agreement with the company was that the Application would be replaced and that Krofta and NorthEast would indemnify him for all

0504121432

costs associated with the Application. (Shepard Aff., ¶ 4). His understanding is that in February 2004 Krofta and its principals submitted a new credit application to DHL. Daniel Shepard is advised that the DHL credit application dated February 2004, a copy of which is attached to Mr. Shepard's affidavit as Exhibit B, was produced by Krofta in this litigation. (Shepard Aff., ¶ 4).

6. Through summer and fall of 2003, the Krofta equipment was shipped by DHL to the Dominican Republic. While Daniel Shepard was at Krofta, virtually all of the communications with DHL on the subject of shipping or storage were through Neesha Coles, an office clerk at Krofta. (Shepard Aff., ¶ 5).

7. Daniel Shepard did not speak or communicate with any representative of DHL about the shipping of the Krofta equipment to the Dominican Republic, except on perhaps one or two occasions. His best recollection of these telephone calls is that, sometime in the late Summer or Fall of 2003, DHL asked that the Krofta account be made current, as precondition to any further shipments. (Shepard Aff., ¶ 6).

8. At that time, the balances on the DHL account were in the range of $15,000 to $30,000, attributable to the shipment of equipment to the Dominican Republic. In response to DHL's requests, any outstanding balances were paid and shipments continued. (Shepard Aff., ¶ 7).

9. Daniel Shepard did not speak or communicate with any representative of DHL about storage of the Krofta equipment in the Dominican Republic. He was aware of Krofta's need for such storage to be arranged. His understanding was that Ms. Coles was handling the issue of storage on Krofta's behalf. (Shepard Aff., ¶ 8).

10. When Daniel Shepard left Krofta on January 16, 2004, the DHL account was in good standing. There was either no balance outstanding or a small balance. He does not believe that he saw, or was made aware of, any invoices for storage of the equipment in the Dominican Republic. (Shepard Aff., ¶ 9). Mr. Shepard is advised that DHL's production of documents includes invoices for storage dated beginning in March, 2004, after he had left Krofta.

2

11. Daniel Shepard did not make any statements or assurances of any kind to any representative of DHL about storage of Krofta equipment in the Dominican Republic, or Krofta's payment for such storage. He never told any representative of DHL, in writing or otherwise, that Krofta would make payment for storage of the equipment in the Dominican Republic. (Shepard Aff., ¶ 10).

12. In Daniel Shepard's dealings with DHL and the Dominican Republic contract, he acted solely on behalf of Krofta as President. The only exception was his personal guaranty made as part of the credit application to DHL, which was capped at $30,000 and extinguished in January or February, 2004. (Shepard Aff., ¶ 11).

13. Daniel Shepard did not receive any personal benefit from any of Krofta's dealings with DHL or the Dominican Republic contract, except compensation as an officer and principal of Krofta. (Shepard Aff., ¶ 12).

DEFENDANT DANIEL SHEPARD

By:_____
Paul S. Weinberg, Esq., BBO No. 519550
John E. Garber, Esq., BBO No. 635313
Weinberg & Garber, P.C.
71 King Street
Northampton, MA 01060
(413) 582-6886
fax (413) 582-6886

## CERTIFICATE OF SERVICE

I, John E. Garber, Esq., hereby certify that on this 19th day of May, 2005, I served a copy of the foregoing by First Class Mail to counsel.
Subscribed under penalties of perjury.

_____
John E. Garber, Esq.

3

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

DANZAS CORPORATION d/b/a DHL DANZAS
AIR & OCEAN,

Plaintiff,

- against -

KROFTA TECHNOLOGIES CORPORATION,
PETER R. KIRCHNER, MICHAEL NOYES,
NORTHEAST FABRICATORS & MECHANICAL
SERVICES, LLC, and DANIEL SHEPARD,

Defendants.

Civil Case no.: 04-30219-MAP

## AFFIDAVIT OF DANIEL SHEPARD

Daniel Shepard, being of lawful age, deposes and states under the pains and penalties of perjury, as follows:

1.      I was the President of Krofta Technologies Corporation ("Krofta") from June, 2002 until I resigned effective January 23, 2004. My last day at Krofta was on January 16, 2004. I was President in name only; Krofta was controlled by NorthEast Mechanical Fabricators in which I was a minority partner.

2.      My professional background and experience is in sales and marketing. While President of Krofta, my primary objective was to sell the company.

3.      In May, 2003, I signed a DHL credit application, which had a limit of $10,000 and which included a personal guaranty ("Application"). A true and correct copy is attached as Exhibit A.

4.      When I resigned from Krofta, my agreement with the company was that the Application would be replaced and that Krofta and NorthEast would indemnify me for all costs associated with my Application. My understanding is that in February 2004 Krofta and its

principals submitted a new credit application to DHL. I am advised that the Krofta credit application to DHL dated February 3, 2004, with a limit of $50,000, was produced by Krofta in this litigation. A copy of the subsequent application produced is attached hereto as Exhibit B.

5.      Through Summer and Fall of 2003, the Krofta equipment was shipped by DHL to the Dominican Republic. While I was at Krofta, virtually all of the communications with DHL on the subject of shipping or storage were through Neesha Coles, an office clerk at Krofta.

6.      I did not speak or communicate with any representative of DHL about the shipping of the Krofta equipment to the Dominican Republic, except on perhaps one or two occasions. My best recollection of these telephone calls is that, sometime in the late Summer or Fall of 2003, DHL asked that the Krofta account be made current, as precondition to any further shipments.

7.      At that time, the balances on the DHL account were in the range of $15,000 to $30,000, attributable to the shipment of equipment to the Dominican Republic. In response to DHL's requests, any outstanding balances were paid and shipments continued.

8.      I did not speak or communicate with any representative of DHL about storage of the Krofta equipment in the Dominican Republic. I was aware of Krofta's need for such storage to be arranged. My understanding was that Ms. Coles was handling the issue of storage on Krofta's behalf.

9.      When I left Krofta in mid-January, 2004, the DHL account was in good standing. There was either no balance outstanding or a small balance. I do not believe I saw or was made aware of any invoices for storage of the equipment in the Dominican Republic. I am advised that DHL's and Krofta's production of documents in this case includes the DHL invoices for storage, the earliest of which are dated in March 2004, after I had left Krofta.

10.     I did not make any statements or assurances of any kind to any representative of DHL about storage of Krofta equipment in the Dominican Republic, or Krofta's payment for such

storage. I never told any representative of DHL, in writing or otherwise, that Krofta would make payment for storage of the equipment in the Dominican Republic.

11.    In my dealings with DHL and the Dominican Republic contract, I acted solely on behalf of Krofta as President.    The only exception was my personal guaranty made as part of the credit application to DHL, which was capped at $10,000 and replaced in January, 2004.

12.    I did not receive any personal benefit from any of Krofta's dealings with DHL or the Dominican Republic contract, except compensation as an officer and principal of Krofta.

Further Affiant Sayeth Not

_____
Daniel Shepard

# EXHIBIT A

# DANZAS AEI
## INTERCONTINENTAL

P.O. Box 68728 • Renton, WA 98058-1728

Phone: (425) 430-4144
Fax: (425) 917-2625

## CREDIT APPLICATION

DATED: 5/13/03

### TYPE OR PRINT ALL INFORMATION

NAME: Kroeta Technologies Corp.

PHYSICAL ADDRESS: 401 South Street

PHONE: (413) 226-5634 FAX: (413) 236-6917

BILLING ADDRESS: P.O. Box 7

CITY: Dalton STATE: MA ZIP: 01226

IF BRANCH, GIVE HOME OFFICE ADDRESS:

CITY: Dalton STATE: MA ZIP: 01227

ARE PURCHASE ORDERS REQUIRED? Yes

WILL PAYMENT BE MADE FROM: BRANCH ☐ HOME OFFICE ☐ AUTHORIZED ACCOUNT SIGNERS:

TYPES OF SERVICES REQUESTED: DOMESTIC FREIGHT ☐ CUSTOMS CLEARANCE ☐ AIR IMPORT ☐ AIR EXPORT ☐ OCEAN IMPORT ☐ OCEAN EXPORT ☐ TRANSIT INSURANCE ☐ WAREHOUSING ☐

TYPE OF BUSINESS: CORPORATION ☒ PARTNERSHIP ☐ INDIVIDUAL ☐ PROPRIETORSHIP ☐

LENGTH OF TIME IN BUSINESS: ___ YEARS    NATURE OF BUSINESS: ___

### OWNERS OR OFFICERS

| FULL NAME / NO INITIALS, PLEASE | SOCIAL SECURITY NO. | TITLE AND % OF OWNERSHIP | RESIDENCE ADDRESS |
|---|---|---|---|
| Ken Shepard | 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 | President | 196 Orchard Circle, Richmond MA 01254 |
| Mike Noyes | 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 | Vice President | 59 Frederick Ave, Dalton MA 01226 |
| Pete Kirchner | 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 | Treasurer | 15 Oak St, Dalton MA 01226 |

### CREDIT INFORMATION
#### BANK REFERENCES:

| BANK / BRANCH | ADDRESS / CITY, STATE & ZIP | OFFICER TO CONTACT | PHONE |
|---|---|---|---|
| NAME: | ADDRESS: | ( ) | |

### IMPORTANT: THESE AREAS MUST BE COMPLETED

PLEASE SUBMIT A CURRENT FINANCIAL STATEMENT OR ANNUAL REPORT

#### TRADE REFERENCES (INCLUDE ONE TRANSPORTATION COMPANY)

| NAME | ADDRESS | PERSON TO CONTACT | PHONE | FAX | TYPE OF ACCOUNT & NUMBER |
|---|---|---|---|---|---|
| (1) | | ( ) | | | |
| (2) | | ( ) | | | |
| (3) | | | | | |
| (4) | | | | | |

SEE ATTACHED

AC 106A (Rev. 8/02)

IMPORTANT: PLEASE SEE AND COMPLETE REVERSE SIDE

## CREDIT AND BILLING TERMS

It is important that our customers understand our credit policies and payment terms. The Conditions of Contract that govern all shipments and limits of our liability can be found on the reverse side of Shipper's copy of the Danzas AEI Inc. House Air Waybill, Ocean Bill of Lading, and Invoices are also contained in our tariffs which are on file at any Danzas AEI Inc. office.

In consideration of Danzas AEI Inc. accepting credit of my company, I/we understand that terms of payment are due on receipt. In addition, I/we agree to pay a service charge equal to 1% per month or the legal maximum rate in our state for all past dues exceeding 30 days and agree to pay all reasonable legal and/or collection fees incurred by Danzas, AEI Inc. to secure payment for any Past Due amounts.

I/We hereby declare that the enclosed credit information is true and accurate to the best of my/our knowledge and belief. I/We hereby authorize any institution herein listed as credit reference, bank or trade reference to release credit information concerning myself and/or the company I/we represent to Danzas AEI Inc. This authorization is given to enable Danzas AEI Inc. to promptly and fairly evaluate my/our request for credit. In order to facilitate possible future requests for credit from Danzas AEI Inc. or from other creditors, I/we further authorize Danzas AEI Inc. to disclose factual information regarding the record of payments on our account.

By submitting this one credit application, Customer hereby understand and agrees that the determined credit limit will be applicable to its business relationship with Danzas AEI and all of its subsidiaries. Customer voluntarily and knowingly assents to all of the aforementioned legal entities' standing in a court of law based upon the signing of this one credit application.

DATE: 5/13/03
BY: _____
BY: _____   TITLE: _____

*Signature of owners or officers are required. Two signatures are required on Partnership applications.*

## PERSONAL GUARANTEE

In order to induce Danzas AEI Inc. to give credit to my/our company, I/we give Danzas AEI Inc. a personal guarantee. I/We understand that this is a continuing guarantee and shall cover future charges arising under successive shipments so long as my company continues to ship with Danzas AEI Inc. under these credit terms.

DATE: 5/13/03
BY: _____ (NO TITLE)   BY: _____ (NO TITLE)

### AMOUNT OF CREDIT DESIRED
$ 10,000

TITLE: President

### FOR DANZAS AEI SALES DEPT. USE ONLY

Branch Name _____
Sales Representative Name _____
Submitted By _____
Account Number _____

AC 1084 (Rev. 9/97)

# EXHIBIT B

# DANZAS AEI

≡INTERCONTINENTAL≡

P.O. Box 68728 · Renton, WA 98058-1728

Phone: (425) 430-4144
Fax: (425) 917-2825

## CREDIT APPLICATION

**PE OR PRINT ALL INFORMATION**

NAME: Krofta Technologies Corp.    DBA: Dalton

PHYSICAL ADDRESS: 401 South Street    CITY:    STATE:    ZIP:

BILLING ADDRESS: P.O. Box 7    CITY: Dalton    STATE: MA    ZIP: 01226

PHONE: (413) 236-5634    FAX: (413) 236-6917    DATED: 2-3-04

IF BRANCH, GIVE HOME OFFICE ADDRESS: —    CITY:    STATE:    ZIP:

ARE PURCHASE ORDERS REQUIRED?: No    AUTHORIZED ACCOUNT BUYER:

WILL PAYMENT BE MADE FROM: BRANCH ☐   HOME OFFICE ☒

TYPES OF SERVICE REQUESTED: DOMESTIC FREIGHT ☒   CUSTOMS CLEARANCE ☒   AIR IMPORT ☒   AIR EXPORT ☒   OCEAN IMPORT ☒   OCEAN EXPORT ☒   TRANSIT INSURANCE ☒   WAREHOUSING ☒

TYPE OF BUSINESS: CORPORATION ☒   PARTNERSHIP ☐   INDIVIDUAL ☐   PROPRIETORSHIP ☐    NATURE OF BUSINESS: wastewater treatment company

LENGTH OF TIME IN BUSINESS: 4 YEARS

### OWNERS OR OFFICERS

| FULL NAME / AND INITIALS, PLEASE | SOCIAL SECURITY NO. | TITLE AND % OF OWNERSHIP | RESIDENCE ADDRESS | ZIP |
|---|---|---|---|---|
| Peter R. Kirchner | 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 | Member 50% | 15 Oak Street Dalton, MA. 01226 | 01226 |
| Michael P. Noyes | 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 | Member 50% | 54 Frederick Dr. Dalton, MA. 01226 | 01226 |

**APPLICANT: THESE AREAS MUST BE COMPLETED.**

PLEASE SUBMIT A CURRENT FINANCIAL STATEMENT OR ANNUAL REPORT

### CREDIT INFORMATION

**BANK REFERENCES**

| BANK / BRANCH | ADDRESS / CITY, STATE & ZIP | OFFICER TO CONTACT | PHONE | TYPE OF ACCOUNT & NUMBER |
|---|---|---|---|---|
| Berkshire Bank (North Street) | North Street Pittsfield, MA. 01.21 | Mike Ferry | (413)443-5601 | Checking |

### TRADE REFERENCES (INCLUDE ONE TRANSPORTATION COMPANY)

| NAME | ADDRESS | PERSON TO CONTACT | PHONE | FAX |
|---|---|---|---|---|
| See attached | | | ( ) | |
| | | | | |
| | | | | |

**IMPORTANT: PLEASE SEE AND COMPLETE REVERSE SIDE**

AC 106A (Rev. 9/02)

## CREDIT AND BILLING TERMS

It is important that our customers understand our credit policies and payment terms. The Conditions of Contract that govern all shipments and limits of our liability can be ___ on the reverse side of Shipper's copy of the Danzas AEI Inc. House Air Waybill, an Bill of Lading, and invoices are also contained in our tariffs which are on file at Danzas AEI Inc. office.

In consideration of Danzas AEI Inc. accepting credit of my company, I/we understand that terms of payment are due on receipt. In addition, I/we agree to pay a service charge equal to 1% per month or the legal maximum rate in our state for all past dues exceeding 30 days and agree to pay all reasonable legal and/or collection fees incurred by Danzas AEI Inc. to secure payment for any Past Due amounts.

I/We hereby declare that the enclosed credit information is true and accurate to the best of my/our knowledge and belief. I/We hereby authorize any institution herein listed as credit reference, bank or trade reference to release credit information concerning myself and/or the company I/we represent to Danzas AEI Inc. This authorization is given to enable Danzas AEI Inc. to promptly and fairly evaluate my/our request for credit. In order to facilitate possible future requests for credit from Danzas AEI Inc. or from other creditors, I/we further authorize Danzas AEI Inc. to disclose factual information regarding the record of payments on our accounts.

By submitting this one credit application, Customer hereby understand and agrees that the determined credit limit will be applicable to its business relationship with Danzas AEI and all of its subsidiaries. Customer voluntarily and knowingly assents to all of the abovementioned legal entities standing in a court of law based upon the signing of this one credit application.

## PERSONAL GUARANTEE

In order to induce Danzas AEI Inc. to give credit to my/our company, I/we give Danzas AEI Inc. a personal guarantee. I/We understand that this is a continuing guarantee and shall cover future charges arising under successive shipments so long as my company continues to ship with Danzas AEI Inc. under these credit terms.

DATE: _____          BY: _____

BY: _____          _____

(NO TITLE)          (NO TITLE)

## AMOUNT OF CREDIT DESIRED

$ 50,000.00

DATE: 2/3/04

BY: _____   TITLE: _____

BY: _____   TITLE: _____

*Signature of owners or officers are required. Two signatures are required on Partnership applications.*

## FOR DANZAS AEI SALES DEPT. USE ONLY

Branch Name _____

Sales Representative Name _____

Submitted By _____

Account Number _____

AC 108A (Rev. 2/02)